Ansley et al. vs. Haney.

## ANSLEY et al. vs. HANEY.

1. EXECUTION. A party who obtains a judgment may have execution thereon at any time within two years, but if he suffers that period to elapse, he cannot have such process until he revives his judgment in the usual way; and if the execution is issued after the expiration of two years without a revivor of the judgment, it may be quashed, and the proceedings under it set aside.

2. JUDGMENT — EXECUTION. The 4th section of "An act to amend an act of the Revised Statutes, entitled 'An act concerning judgments and executions,'" approved February 19, 1841, neither repeals nor supersedes the 25th section of the original act; it only limits the lien of judgments on real estate to ten years without revivor, and does not authorize the issuing of execution at any time within ten years, and after the expiration of two years from filing the record.

ERROR to the District Court for *Iowa* County.

On the 7th of September, 1839, *Ansley & Salter* recovered judgment against *Haney* in the district court for *Iowa* county for $102.61 damages, besides costs. The first exection issued on the judgment was directed to the sheriff of *Dane* county, and was dated February 27, 1843. This was returned, not satisfied. May 30, 1843, an *alias fi. fa.* was issued, directed to the sheriff of Dane county, to which he returned that he had levied on certain personal property, a part of which he had released as being exempted from sale, and the remainder he had sold for $24, and that he found no property to make the balance of the execution.

At the April term, 1844, of the Iowa county district court, *Haney* moved the court to set aside the last mentioned execution, and the levy and sale made under it, on the ground that more than two years had elapsed from the rendition of the judgment prior to the issuing of any execution upon it. The district court decided, "that the said execution issued erroneously and was voidable, and that the motion of the said defendant to set aside and avoid the same be sustained, and the said execution, levy and sale be and the same are hereby set aside and rendered void as against said defendant *Haney*, without in anywise affecting any right which a purchaser may have acquired under said sale if any has been acquired in law.

*F. J. Dunn*, for plaintiffs in error. At common law, if execution had not been issued within a year and a day, the judgment had to be revived by *scire facias*.

The act concerning judgments and executions (Stat. Wis. 229, § 25) extends the time to two years; and upon this section the decision of the district court was based, and the court determined that after two years, execution could not issue.

The act of February 19, 1841, sections 1 and 4, provides that a judgment shall be a lien on real estate for ten years, but not afterward, unless it shall be revived. During the ten years, no *scire facias* is necessary; it is

in full force as a lien upon the property of the befendant, and of course, it ought to be considered in force for the purpose of execution also, for the same time. The statute only speaks of reviving after the lapse of ten years ; of course it is not requisite to revive before that time. The act of 1841 was passed within two years from the docketing of the judgment in this case, and virtually repeals the 25th section of the original act. If this construction be correct, the decision of the district court must be reversed. Bingham on Judgments and Executions, 50, 54; 2 Tidd's Prac. 1076; 6 Bacon's Abr. 102. There was no appearance for the defendant in error.

MILLER, J. At a term of the district court of the county of Iowa, held in September, 1839, these plaintiffs, *Ansley and Salter*, recovered a judgment against the defendant *Berry Haney*. On the 27th day of February, 1843, a writ of *fieri facias* was issued on said judgment, which was returned *nulla bona*. On the 30th of May, of the same year, an alias *fieri facias* was issued, on which a levy was made by the sheriff on some personal property of the defendant. At a subsequent term, on motion of said defendant, the said district court set aside the last mentioned writ, on the ground that two years from the date of the judgment had expired before the *fieri facias* had issued.

By section 25 of "An act concerning judgments and executions," on page 229 of the Revised Statutes, "whenever judgment shall be rendered in any court of record, for any debt, damages, sum of money, or costs, the party in whose favor such judgment was rendered, upon filing the record thereof, and within two years thereafter, may have execution to the sheriff or other proper officer, to collect the amount of such judgment."

This section gave the plaintiff in the judgment a right to have and use the process of the court, to enforce the collection of his demand, for the term of two years from the rendition of the judgment and the filing the record

thereof. In this respect the practice is regulated by statute. The power of the court to set aside this writ of *fieri facias*, at the instance of the defendant, cannot be questioned. The plaintiffs having suffered the time to expire, should have first revived their judgment in the way known to the law, before they were entitled to their execution.

The fourth section of "An act to amend an act of the Revised Statutes of Wisconsin Territory, entitled an act concerning judgments and executions," approved February 19, 1841, neither repeals nor supersedes the twenty-fifth section of the original act. It limits the lien of judgments upon real estate to ten years, unless revived by *scire facias*, and takes the place of and supersedes the provisions of the original act as contained in sections 5 and 6 thereof, which are repealed. Judgment affirmed.